**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Telephone:   (213) 239-5100
Facsimile:   (213) 239-5199

Counsel for Defendants
Clearview AI, Inc., Hoan Ton-That, and Richard Schwartz

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN BURKE and JAMES POMERENE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CLEARVIEW AI, INC., a Delaware Corporation; HOAN TON-THAT, an Individual; RICHARD SCHWARTZ, an Individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00370-BAS-MSB<br><br>**DEFENDANTS CLEARVIEW AI, INC., TON-THAT, AND SCHWARTZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE AND STAY CASE PENDING DECISION ON TRANSFER**<br><br>Hearing Date: May 4, 2020<br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br>Courtroom: 4B<br>Judge: The Hon. Cynthia A. Bashant |

# TABLE OF CONTENTS

**INTRODUCTION** ............................................................................................... **1**
**BACKGROUND** ................................................................................................. **2**
    I.    New York is the Nexus of the Allegations ............................................. 2
    II.   Plaintiffs' Claims Have No Relevant Connection to California .......... 3
    III.  Plaintiffs' Claims Overlap with Those Brought by Many Others ....... 4
    IV.  Plaintiffs Have Opposed Transfer and Consolidation ......................... 5
**LEGAL STANDARD** ........................................................................................ **5**
**ARGUMENT** ....................................................................................................... **6**
    I.    The Southern District of New York is a Proper, and Preferable, Forum ........... 7
    II.   The Feasibility of Consolidation Supports Transfer ........................... 8
    III.  The Convenience of the Parties and the Witnesses Supports Transfer ........... 10
    IV.  A Stay Pending Resolution of the Motion is Warranted ................... 11
**CONCLUSION** ................................................................................................ **13**

# TABLE OF AUTHORITIES

**CASES**                     **PAGE(S)**

*A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*,
   503 F.2d 384 (9th Cir. 1974) ............................................................................. 9

*Am. GNC Corp. v. GoPro, Inc.*,
   No. 18-cv-00968-BAS-BLM, 2018 WL 6074395
   (S.D. Cal. Nov. 6, 2018) ................................................................................ 6, 8

*Argonaut Ins. Co. v. MacArthur Co.*,
   No. 12–3878, 2002 WL 145400 (N.D. Cal., Jan.18, 2002) ............................. 10

*Callaway Golf Co. v. Corp. Trade, Inc.*,
   No. 09–cv–384-L-POR, 2010 WL 743829 (S.D. Cal. Mar. 1, 2010) ............. 10

*Cohn v. Oppenheimerfunds, Inc.*,
   No. 09-cv-1656-WQH-BLM, 2009 WL 3818365 (S.D. Cal. Nov. 12, 2009) ... 10

*Cont'l Grain Co. v. Barge FBL–585*,
   364 U.S. 19 (1960) ............................................................................................ 8

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) .......................................................................................... 7

*Decker Coal Co. v. Commonwealth Edison Co.*,
   805 F.2d 834 (9th Cir.1986) ............................................................................. 6

*Gandara v. Nestle Purina PetCare Co.*,
   2013 WL 2444143 (S.D. Cal. Jun. 4, 2013) ..................................................... 9

*Hawkins v. Gerber Products, Inc.*,
   924 F.Supp.2d 1208 (S.D. Cal. 2013) ..................................................... 6, 9, 11

*Hunter v. Ford Motor Co.*,
   No. 17-cv-2198 DMS (KSC), 2017 WL 10544038
   (S.D. Cal. Nov. 21, 2017) ............................................................................... 12

*In re Best Buy Co., Inc., Cal. Song–Beverly Credit Card Act Litig.*,
   804 F. Supp. 2d 1376 (J.P.M.L. 2011) ............................................................. 1

*In re Fusion—IO, Inc.*,
   489 F. App'x 465 (Fed. Cir. 2012) ................................................................. 12

*In re Horseshoe Entm't*,
   337 F.3d 429 (5th Cir. 2003) .......................................................................... 12

*Jolly v. Purdue Pharma L.P.*,
   No. 05-cv-1452H, 2005 WL 2439197 (S.D. Cal. Sept. 28, 2005) ............. 5, 10

*Jones v. GNC Franchising, Inc.*,
　211 F.3d 495 (9th Cir. 2000) ..................................................................................6

*Landis v. N. Am. Co.*,
　299 U.S. 248 (1936) ..............................................................................................12

*Lee v. City of Los Angeles*,
　250 F.3d 668 (9th Cir. 2001) ..................................................................................4

*Lingle v. DePuy Orthopaedics*,
　2011 WL 5600539 (S.D. Cal. Nov. 17, 2011) ......................................................12

*Little v. McKesson Corp.*,
　No. 16-cv-2144-AJB-DHB, 2016 WL 8668899
　(S.D. Cal. Dec. 16, 2016) .......................................................................................11

*Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc.*, No. 13-cv-02741-BAS(RBB), 2014 WL 6907801 (S.D. Cal. Dec. 8, 2014) ...........................................................................................................8

*Rikos v. Procter & Gamble Co.*, 2011 WL 1456096 (S.D. Cal. Apr. 13, 2011) ......8

*Rivers v. Walt Disney Co.*,
　980 F. Supp. 1358 (C.D. Cal. 1997) .....................................................................12

*Stewart Org., Inc. v. Ricoh Corp.*,
　487 U.S. 22 (1988) ..................................................................................................5

*TV Ears, Inc. v. SYK Grp., LLC*,
　No. 16-cv-867-GPC(WVG), 2016 WL 6248539 (S.D. Cal. Oct. 26, 2016) ........2

*U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,
　971 F.2d 244 ((9th Cir. 1992) ................................................................................4

*Van Dusen v. Barrack*,
　376 U.S. 612 (1964) ................................................................................................5

*Viper Networks, Inc. v. Rates Tech. Inc.*,
　2009 WL 4261167 (S.D. Cal. Nov. 23, 2009) ......................................................10

*Walden v. Fiore*,
　571 U.S. 277 (2014) ................................................................................................7

**STATUTES**

28 U.S.C. § 1391(b) ......................................................................................................7

28 U.S.C. § 1391(c) ......................................................................................................7

28 U.S.C. § 1404(a) ......................................................................................................5

**OTHER AUTHORITIES**

Fed. R. Evid. 201 ..................................................................................................4

15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3844 (4th ed. 2019)..............................................................................................8

## INTRODUCTION

Clearview is a technology company with its headquarters, principal place of business, and relevant employees in New York City. Throughout the country, plaintiffs—including Plaintiffs in this action—have filed overlapping, putative class action complaints against Defendants Clearview AI, Inc., Hoan Ton-That, and Richard Schwartz ("Clearview") in multiple courts, all of which challenge the same alleged conduct by Clearview, assert similar claims of harm, and seek substantively identical relief. In the interest of judicial economy and fairness, Clearview is seeking transfer of this case and all other substantially similar cases to the Southern District of New York—where two cases are already pending before a single judge.[1] Counsel for Clearview have met and conferred with counsel for Plaintiffs regarding this motion, and Plaintiffs oppose transfer.

As detailed below, transfer of this case to the Southern District of New York would serve the interest of justice and the convenience of the courts and the parties. Litigating overlapping cases in multiple forums wastes judicial and party resources by requiring multiple rounds of duplicative discovery and motion practice, and by inviting the possibility of inconsistent judicial rulings. The majority of the significant events giving rise to the claims at issue occurred in New York, making it the center of gravity for the dispute. As New York is Clearview's principal place of business, the Southern District of New York is a more convenient forum for witnesses to appear and for the parties to litigate. By contrast, few, if any, of the relevant events took place in the Southern District of California; indeed, as detailed below, this Court lacks personal jurisdiction over

---

[1] On March 25, 2020, Clearview filed a motion to transfer venue to the Southern District of New York in a similar case pending against it in the Eastern District of Virginia. Clearview anticipates filing additional motions to transfer venue in other judicial districts in which actions against it are pending and is evaluating an application to consolidate these cases before the U.S. Judicial Panel on Multidistrict Litigation ("JPML"). *See In re Best Buy Co., Inc., Cal. Song–Beverly Credit Card Act Litig.,* 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011).

Clearview and the individual defendants, and transfer will avoid the need for time-consuming motion practice on that issue.

Accordingly, for the reasons discussed below and to preserve judicial and party resources, Clearview respectfully moves the Court to transfer this case to the Southern District of New York and stay the case while this motion is pending.

## BACKGROUND

### I.  New York is the Nexus of the Allegations

Clearview, a Delaware corporation with its headquarters and principal place of business in New York, is a technology company that collects publicly available images on the internet and organizes them into a searchable database, which can then be searched by licensed users.  Mulcaire Decl. ¶¶ 2, 3.  The company was co-founded in 2017 by Defendants Richard Schwartz and Hoan Ton-That.  Mulcaire Decl. ¶ 6.  Ton-That and Schwartz respectively manage information technology and sales for the company, and Ton-That also serves as the company's chief executive officer.  *Id*.  Ton-That and Schwartz are both residents of New York.  *Id*.[2]  Clearview is a small company, with fewer than ten full-time employees, the majority of whom work in New York.  Mulcaire Decl. ¶ 5.  Clearview's servers hosting the data necessary for its business are located in New York and New Jersey.  Mulcaire Decl. ¶ 7.

Far from obtaining images through "unauthorized" access, as alleged in the Complaint, *see* Compl. ¶¶ 14, 19, Clearview's technology searches the "open web" and public sources for image files, and downloads the files and webpage URL into a database.  Mulcaire Decl. ¶ 4.  The files Clearview retrieves are accessible to any individual sitting

---

[2] The Complaint fails to allege that either Ton-That or Schwartz have any relevant connection to California—which they do not—or that either engaged in any conduct within California that has any bearing on the harms alleged therein.  *See TV Ears, Inc. v. SYK Grp., LLC*, No. 16-cv-867-GPC(WVG), 2016 WL 6248539, at *3-8 (S.D. Cal. Oct. 26, 2016) (dismissing for lack of personal jurisdiction over non-resident officer of corporation because officer had insufficient contacts with forum state).

at a computer anywhere in the world. *Id.* Thus, any images pertaining to Plaintiffs that may have been collected by Clearview—if any—were accessible to Clearview from its place of business in New York, and would be stored on servers that reside in New York or New Jersey. Mulcaire Decl. ¶¶ 4, 7.

## II.     Plaintiffs' Claims Have No Relevant Connection to California

Plaintiffs have not sufficiently pled that Clearview took any relevant actions in the Southern District of California. Rather, the Complaint alleges that one of the named plaintiffs, Sean Burke, is a resident of San Diego, California, and that photographs of him were uploaded to social media websites and accounts while he resided there. Compl. ¶¶ 10-11. The other named plaintiff, James Pomerene, does not reside in California, and the Complaint does not allege that he was harmed while in California. Compl. ¶¶ 15-16.

Further, Plaintiffs allege, without particularity or specificity, that Clearview conducts business and markets its services in the Southern District of California, that the web platforms from which Clearview retrieves the images it uses are owned and operated by California-based entities, and that a substantial part of the events at issue occurred in the District. Compl. ¶¶ 7-9, 20. These vague allegations are insufficient to survive a motion to dismiss let alone a challenge to personal jurisdiction.

Moreover, Plaintiffs do not allege that any images of Plaintiffs reside on servers in the Southern District of California; that Clearview accessed those images in the District; that the images were used by anyone in the District; or that any harm stemmed from the act of uploading photos of Plaintiff Burke to the internet while he was a California resident. Indeed, Clearview does not have any employees, real estate, servers, or facilities in the Southern District of California. Mulcaire Decl. ¶ 8.

### III.      Plaintiffs' Claims Overlap with Those Brought by Many Others

The present case (*Burke*) substantially overlaps with two similar cases pending in the Southern District of New York (*Calderon v. Clearview AI, Inc.* and *Broccolino v. Clearview AI, Inc.*).[3]  All three cases share a common defendant (Clearview) and procedural posture (pre-answer);[4] all three are putative class actions involving a class of Illinois residents whose information was used by Clearview;[5] and all three seek the same relief:  damages, equitable relief, and injunctive relief including an order for restitutionary disgorgement.  *See* Compl. ¶¶ 48-53, Prayer for Relief; *Calderon* Compl. ¶ 14, Prayer for Relief; *Broccolino* Compl ¶¶ 46, 96, Prayer for Relief. [6]

---

[3] The Court can take judicial notice of the complaints, as public records, in *Calderon v. Clearview AI, Inc.*, No. 1:20-cv-01296-CM and *Broccolino v. Clearview AI, Inc.*, No. 1:20-cv-02222-CM.  *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  Those complaints are attached as Exhibits 1 and 2 to the Declaration of Thomas Mulcaire.

[4] Defendants agreed to waive service of the complaint, and on March 2, 2020, Plaintiffs transmitted waivers of service to Defendants.  The parties agreed that Plaintiffs would reissue those waivers on or about March 15, 2020 to effect an extension of Defendants' time to answer until May 14, 2020.  When that date passed, Defendant requested they be reissued, but Plaintiffs have not done so, explaining on March 18, 2020 that they would be filing an amended complaint.  Plaintiffs have yet to file or provide Defendants with a copy of that amended complaint.

[5] The instant case also includes sub-classes of California residents.

[6] Over the last several weeks, at least seven overlapping actions, including the present action, have been filed against Clearview throughout the country.  Each complaint alleges the same injury based on the same conduct, namely that Clearview retrieved plaintiffs' public images from the internet and used them in violation of law.  *See Mutnick v. Clearview AI, Inc.*, No. 20-cv-00512 (N.D. Ill. Jan. 20, 2020); *Roberson v. Clearview AI, Inc.*, No. 20-cv-00111-RDA-MSN (E.D. Va. Feb. 3, 2020); *Hall v. CDW Government LLC*, No. 20-cv-00846 (N.D. Ill. Feb. 5, 2020); *Calderon v. Clearview AI, Inc.*, No. 1:20-cv-01296-CM (S.D.N.Y. Feb. 13, 2020); *Burke v. Clearview AI, Inc.*, No. 3:20-cv-00370-BAS-MSB (S.D. Cal. Feb. 27, 2020); *Broccolino v. Clearview AI, Inc.*, No. 1:20-cv-02222-CM (S.D.N.Y. Mar. 12, 2020); *Thornley v. Clearview AI, Inc.*, No. 2020-CH-03377 (Cir. Ct. Cook County Mar. 19, 2020).  None of the cases has yet proceeded beyond the filing of a complaint or amended complaint, and no responses have yet been filed.  As the result of a state procedural nuance, a motion for class certification was filed in the *Thornley* case along with the complaint.  In addition to these, a non-class action complaint was also filed in a state court.  *See State of Vermont v. Clearview AI, Inc.*, No. 226-3-20 CNCV (Vt. Super. Ct. Mar. 10, 2020).  For present purpose, this memorandum focuses

Moreover, all three cases involve the same underlying conduct and types of claims:

- Plaintiffs Burke and Pomerene (S.D. Cal.) allege that images of them were uploaded to internet websites and social media accounts. *See* Compl. ¶ 11, 16. Calderon and Broccolino (S.D.N.Y.) also allege that their images were uploaded to publicly-accessible websites. *See Calderon* Compl. ¶¶ 10-11; *Broccolino* Compl. ¶¶ 18, 27.

- Plaintiffs Burke and Pomerene (S.D. Cal.) allege that Clearview retrieved images of them without consent. *See* Compl. ¶¶ 12-13, 17-18. Broccolino and Calderon (S.D.N.Y.) also allege that Clearview accessed and retrieved their information without consent. *See Calderon* Compl. ¶¶ 20-31; *Broccolino* Compl. ¶¶ 54-90.

- Plaintiffs Burke and Pomerene (S.D. Cal.) allege that Clearview's collection of their images constituted a violation of applicable privacy laws, including the Illinois Biometric Information Act ("BIPA"). *See* Compl. ¶¶ 4-5, 12, 17, 39-47; 63-102. Broccolino and Calderon (S.D.N.Y.) also allege that Clearview's collection of their images violated BIPA. *Calderon* Compl. ¶¶ 1, 20-31; *Broccolino* Compl. ¶¶ 1, 54-81.

### IV. Plaintiffs Have Opposed Transfer and Consolidation

Counsel for Clearview has requested that Plaintiffs' counsel agree to transfer to the Southern District of New York, among other things, for efficiency, to avoid the possibility of inconsistent judicial rulings, to avoid motion practice challenging personal jurisdiction, and because other cases are pending there. Plaintiffs oppose transfer of the case.

## LEGAL STANDARD

A district court may transfer a civil action to any other district where the action might originally have been brought if doing so would serve the convenience of the parties and witnesses and the interest of justice. *See* 28 U.S.C. § 1404(a); *see generally Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Jolly v. Purdue Pharma L.P.*, No. 05-cv-1452H, 2005 WL 2439197, at *1 (S.D. Cal. Sept. 28, 2005). The district court has broad discretion to decide transfer motions and makes such decisions on an "individualized, case-by-case" basis, based on the factors at issue in the case. *Stewart Org., Inc. v. Ricoh*

---

on similarities between this case and the cases in the Southern District of New York, to which transfer is sought.

*Corp.*, 487 U.S. 22, 29 (1988); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

Courts in this district generally consider the following eight factors: "(1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with an applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum." *Hawkins v. Gerber Products, Inc.*, 924 F.Supp.2d 1208, 1212-1213 (S.D. Cal. 2013); *see also Jones*, 211 F.3d at 498-99; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Courts may also consider other factors, or limit their review to those factors relevant to the case before them. *Am. GNC Corp. v. GoPro, Inc.*, No. 18-cv-00968-BAS-BLM, 2018 WL 6074395, at *15 (S.D. Cal. Nov. 6, 2018).

## ARGUMENT

Transferring this case to the Southern District of New York, where similar putative class action cases are also pending, would promote judicial efficiency and the interest of justice, and allow streamlined resolution of overlapping proceedings. In addition, because Defendants intend to maintain that they do not have sufficient contacts with the Southern District of California for this forum to assert personal jurisdiction over them, the transfer of this case to the Southern District of New York—a proper forum where Plaintiffs' claims can be litigated—would avoid jurisdictional motion practice and further serve the convenience of the parties and judicial efficiency. Duplicate, overlapping litigation, and the risk of inconsistent judicial rulings, would prejudice Defendants, whereas Plaintiffs suffer no prejudice and can litigate its case on the merits, if any, in New York, where Clearview maintains its principal place of business and where the individual defendants reside. For these and other reasons, the Court should transfer this case at this time.

## I. The Southern District of New York is a Proper, and Preferable, Forum

Jurisdiction and venue are both proper in the Southern District of New York. Personal jurisdiction exists over Defendants in New York because Clearview is "at home" there, and Schwartz and Ton-That are New York residents. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Venue is proper "in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," 28 U.S.C. § 1391(b)(1), and Clearview, Schwartz, and Ton-That reside in New York, *Id*. § 1391(c). Venue is also proper where "a substantial part of the events or omissions giving rise to the claim occurred," *Id*. § 1391(b)(2), and here a substantial part of the activities alleged occurred in New York—namely, virtually all of the alleged activities of Clearview. Venue is thus proper in the Southern District of New York.

By contrast, the Southern District of California is not a proper forum since the Court lacks personal jurisdiction over Clearview and the individual defendants. One of the Plaintiffs may reside in the District, Compl. ¶ 10; but that is meaningless. Personal jurisdiction is determined based on the actions of the *defendant*, not the plaintiff. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014). The Complaint also contains vague allegations that Clearview conducts unspecified business and markets unspecified services in the District. *See* Compl. ¶¶ 7-9, 20. But any such activities—which have not been identified—must *give rise* to the harms alleged in the complaint in order for the Court to assert specific personal jurisdiction, and general jurisdiction is absent because none of the Defendants is at home in the forum. *See Walden*, 571 U.S. at 284-86. Here, the alleged harm is that Clearview allegedly obtained unauthorized access to images of Plaintiffs for inclusion in its database, *see* Compl. ¶¶ 5, 12-14, 17-19, 63-102. However, as noted above, those images were publicly accessible to Clearview from its headquarters

in New York. Such out-of-state collection activity is insufficient to confer personal jurisdiction over Clearview in this Court.[7]

Further, because of the absence of meaningful contact with the Southern District of California, Plaintiffs' choice of forum—which might otherwise be a relevant consideration—should not be afforded any weight here. *See Am. GNC Corp.*, 2018 WL 6074395, at *15 ("Deference to the plaintiff's chosen venue is substantially reduced . . . where the forum lacks a significant connection to the activities alleged in the complaint."). In any event, Plaintiff Pomerene is not a resident of California, and "deference to a plaintiff's choice of venue is reduced when the plaintiff does not reside in the chosen venue." *Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc.*, No. 13-cv-02741-BAS(RBB), 2014 WL 6907801, at *2 (S.D. Cal. Dec. 8, 2014). This factor is also diminished when the plaintiff seeks to represent a class. *Rikos v. Procter & Gamble Co.*, 2011 WL 1456096, at *2 (S.D. Cal. Apr. 13, 2011) ("[P]laintiff's choice of venue is only entitled to minimal consideration when . . . plaintiff is seeking to bring a class action."). For these reasons, Plaintiffs' choice of forum does not weigh against transfer.

## II.   The Feasibility of Consolidation Supports Transfer

Transferring this case to the Southern District of New York, where it can be heard with other similar cases, strongly serves the interest of justice. *Cont'l Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.");

---

[7] In filing this motion, Clearview expressly preserves all of its jurisdictional objections and all of its defenses. This briefing is not intended to fully set forth those objections, which Clearview would raise at the appropriate time in these proceedings. *See* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3844 (4th ed. 2019) (explaining that Federal Rule of Civil Procedure 12(h) waiver requirements do not apply to transfer motions).

*A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.,* 503 F.2d 384, 386–87 (9th Cir. 1974) ("The feasibility of consolidation is a significant factor in a transfer decision, although even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties.").

Courts in this District have routinely ruled in favor of transfer when a similar case is pending in the transferee district. *See e.g., Gandara v. Nestle Purina PetCare Co.,* 2013 WL 2444143, at *2 (S.D. Cal. Jun. 4, 2013) (transferring action to district where earlier-filed putative class action containing "strikingly similar" allegations that would "require much of the same discovery" was pending); *Hawkins*, 924 F. Supp. 2d at 1214 (ordering transfer when multiple cases were pending in the transferee forum because "an important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum"). Relatedly, when similar actions are pending in the transferee forum, administrative considerations favor transfer because the overall cost of litigation will increase if the suits proceed independently. *Hawkins*, 924 F. Supp. 2d at 1217.

Here, two related class actions are pending in the Southern District of New York; these cases challenge the same conduct alleged here and assert similar claims, as detailed above. All three cases allege that Clearview's software violates privacy laws and seek virtually identical relief, meaning that resolution of the claims in these cases will center on the same documents and witnesses. Permitting multiple class actions involving the same conduct will lead to duplicative discovery, requiring Clearview to respond to duplicative discovery demands, and sit for multiple and repetitive depositions.

Relatedly, the possibility of inconsistent judicial rulings arising from litigating similar claims in multiple courts creates a risk of further prejudice to Clearview. *See*

*Callaway Golf Co. v. Corp. Trade, Inc.,* No. 09-cv-384-L-POR, 2010 WL 743829, at *7 (S.D. Cal. Mar. 1, 2010) (noting that "centralizing the adjudication of similar cases will also avoid the possibility of inconsistent judgments"); *Cohn v. Oppenheimerfunds, Inc.*, No. 09-cv-1656-WQH-BLM, 2009 WL 3818365, at *6 (S.D. Cal. Nov. 12, 2009) (ordering transfer to forum where similar litigation was pending because transfer would allow for the "avoidance of the possibility of inconsistent judgments"); *Jolly*, 2005 WL 2439197, at *2 ("Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids duplic[ative] litigation and inconsistent results."); *Argonaut Ins. Co. v. Mac Arthur Co.,* No. 12-cv-3878-WHA, 2002 WL 145400, at *4 (N.D. Cal., Jan.18, 2002) ("The best way to ensure such consistency is to prevent related issues from being litigated in two separate venues.").

In short, redundant litigation with the possibility of conflicting results will unnecessarily consume both party and judicial resources. By contrast, transfer to the Southern District of New York will allow discovery to be conducted efficiently, conserve judicial resources, and avoid the risk of inconsistent judicial outcomes.

**III.   The Convenience of the Parties and the Witnesses Supports Transfer**

Transferring to the Southern District of New York will serve the convenience of the parties and witnesses. "With respect to the convenience of the parties, appearing in a single district is more convenient than appearing in two different districts on opposite coasts of the country." *Viper Networks, Inc. v. Rates Tech. Inc*., 2009 WL 4261167, at *3 (S.D. Cal. Nov. 23, 2009) (quoting *Alexander v. Franklin Res. Inc*., 2007 WL 518859, at *3 (N.D. Cal. Feb. 14, 2007)); *see Jolly*, 2005 WL 2439197*,* at *2 (finding that where there is "probable overlap between the witnesses in Plaintiff's case" and the witnesses in the similar cases pending in the transferee forum, "the convenience of the witnesses and

of the parties would be better served if all cases were within one district, as opposed to scattered throughout the United States").

Here, the Southern District of New York is more convenient than the Southern District of California. First, Clearview is headquartered in the Southern District of New York. Second, the activities most pertinent to this action, Clearview's business operations, take place in New York. Third, relevant Clearview employees are located in New York. Fourth, evidence related to these activities is located, accessed, or managed within the Southern District of New York.

By contrast, Plaintiffs have not – and cannot – allege that there are any Clearview employees residing in the Southern District of California at all, much less any who have knowledge relevant to this case. Nor have Plaintiffs alleged that there are any other relevant witnesses or documents in the District, because there are none other than one of the Plaintiffs himself.[8]

**IV. A Stay Pending Resolution of the Motion is Warranted**

Finally, this Court should stay these proceedings pending resolution of this motion. "Where an MDL is being considered or a transfer pending, a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings . . . because of the judicial resources that are conserved." *Little v. McKesson Corp.*, No. 16-cv-2144-AJB-DHB, 2016 WL 8668899, at *2 (S.D. Cal. Dec. 16, 2016). Conserving such resources is appropriate here.

---

[8] The other factors that courts in this District sometimes consider also support transfer, or are neutral in the analysis. New York has greater "localized interest" in the action because the allegations concern the conduct of a business within that jurisdiction. *See Hawkins*, 924 F. Supp. 2d at 1216. Both cases involve the application of Illinois law, which courts based in New York and California can equally interpret. To the extent that California law is involved, "courts in [one state] are fully capable of applying [another state's] substantive law." *Id.*

Indeed, each of the factors relevant to granting a stay are present here.[9]

First, staying this case while the transfer motion is pending would preserve judicial resources and save time and resources for the parties. This is because, generally speaking, transfer motions should be resolved before addressing substantive issues, including but not limited to challenges to personal jurisdiction. *See In re Fusion—IO, Inc.*, 489 F. App'x 465, 466 (Fed. Cir. 2012) (directing the district court to stay proceedings pending the motion to transfer as the transfer decision should be made "before proceeding to any motion on the merits of the action"); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) (noting that deciding a timely transfer motion should be "top priority"); *Lingle v. DePuy Orthopaedics, Inc.*, No. 11-cv-1486-L-MDD, 2011 WL 5600539, at *2 (S.D. Cal. Nov. 17, 2011)(stay ordered pending decision on JPML transfer motion because a stay "satisfies the Court's interest in avoiding duplicative litigation").

Second, this case is in its beginning stages and thus a stay will not unduly prejudice Plaintiffs. No responsive pleading is yet on file and the Court has not yet issued a scheduling order or taken material action in the case. Thus, a stay will not unduly prejudice Plaintiffs.

Third, Clearview would be prejudiced if the stay is not granted. *See Hunter*, 2017 WL 10544038, at *1 (ordering a stay pending transfer decision because "absent a stay, Defendant may be subjected to needless litigation and inconsistent rulings in their pending cases"); *McKesson Corp.*, 2016 WL 8668899, at *2 ("Specifically, Defendants

---

[9] In determining whether to grant a stay, the district judge must weigh the relevant factors, including: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Hunter v. Ford Motor Co.*, No. 17-cv-2198-DMS (KSC), 2017 WL 10544038, at *1 (S.D. Cal. Nov. 21, 2017). A district court has broad discretion to stay proceedings as part of its inherent power to control its own docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) ("A district court has the inherent power to stay its proceedings.")

prospectively face the burden of having to defend themselves in multiple fora, enhancing the risk of inconsistent rulings."). Without a stay, Clearview would potentially face unnecessary briefing, and needlessly duplicative proceedings and costs, while the transfer motion is pending.

## CONCLUSION

For the foregoing reasons, Clearview respectfully requests that this case be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404, and that the case be stayed pending resolution of the transfer motion.

DATED: March 31, 2020         JENNER & BLOCK LLP

                                              By:   s/ Kate T. Spelman
                                                    Kate T. Spelman
                                                    kspelman@jenner.com

                                                    *Counsel for Defendants*
                                                    *Clearview AI, Inc., Hoan Ton-That, and*
                                                    *Richard Schwartz*